■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN RAYSOR, Appellant. [18 NYS3d 530]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Charles H. Solomon, J.), rendered on or about February 18, 2014, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ.

20  In the Matter of LINDSAY WARREN BAKER et al., Appellants, v LORI BAJOREK et al., Respondents. [18 NYS3d 530]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 1, 2015, which, to the extent appealed from as limited by the briefs, denied petitioners' petition to stay an arbitration proceeding, unanimously affirmed, with costs.

"[A]bsent a clear manifestation of contrary intent," a broad arbitration clause, like the one at issue here, survives and remains enforceable after the termination of the agreement (*Remco Maintenance, LLC v CC Mgt. & Consulting, Inc.*, 85 AD3d 477, 479 [1st Dept 2011]; *see also Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598-599 [1997]). The option agreement between petitioners and the corporate defendant does not evince a contrary intent.

Whether respondents' underlying claims are arbitrable is an issue for the arbitrator to resolve (*see Remco*, 85 AD3d at 479-480; *see also Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95 [1975]). Concur—Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ.